THE TERRE HAUTE AND INDIANAPOLIS RAILROAD COMPANY

v.

LAFAYETTE JONES.

RAILROADS—NEGLIGENCE.—Whether or not a failure to sound a whistle is negligence, is a question for the jury, and it is error in an instruction to assume that it is negligence.

APPEAL from the Circuit Court of Effingham county; the Hon. THOMAS S. CASEY, Judge, presiding. Opinion filed September 29, 1882.

Messrs. GILMORE & WHITE, and Mr. JOHN G. WILLIAMS, for appellant; that the animal was unlawfully upon the track and plaintiff can not recover, being negligent, cited T. W. & W. Ry. Co. v. Barlow, 71 Ill. 640.

It must be shown that the defendant's servants, by the exercise of reasonable care, could have prevented the injury: Ill. Cent. R. R. Co. v. Goodwin, 30 Ill. 117; R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; C. & A. R. R. Co. v. McDaniels, 63 Ill. 122; T. W. & W. Ry. Co. v. Barlow, 71 Ill. 640.

WALL, J.   The appellant was sued for killing the cow of appellee.   The accident occurred within the city limits of Effingham at a point where a fence was not required, and the only question was, whether the defendant was guilty of negligence in managing its train.   The train had stopped at the railroad crossing some three hundred yards west, and there is some conflict as to the speed which it had attained when the cow was struck, the estimates varying from eight to twenty miles per hour.   The cow was grazing near the track, and when the train was too near to be stopped she suddenly started across the track and was killed.   The bell was rung up to the street crossing, just west of this point, but not afterward, nor was the whistle sounded, though the engineer says that when he got pretty close he let steam escape, making considerable noise; that he was in the habit of doing this to frighten stock, and that it was better than whistling.

The court instructed the jury on behalf of the plaintiff as follows:   "If the jury believe from the evidence that the defendant killed plaintiff's cow in a wanton or reckless manner, either by failing to sound the whistle or by running at a reckless rate of speed, then they should find for the plaintiff, and assess his damages at whatever the cow is proved to be worth by the evidence."   To the giving of this instruction appellant excepted at the proper time.   Whether failing to sound the whistle was negligence or not, was a question for the jury. It might, or might not be so, and it was error to assume that it was.

This instruction virtually took the case from the jury, and a verdict for plaintiff was inevitable. The judgment is reversed and cause remanded.

Reversed and remanded.

CASEY, J., took no part in the decision of this case.